1-7-1-2-3-9, MangioDynamics, Inc. v. Biolitec AG, et al. Good morning, Your Honors. Good morning. Ed Griffith for the appellants and the defendants. Could you pull the mic up? Is that better? Ed Griffith for the defendants, Biolitec AG, Biomed Technologies, and Wolfgang Neuberger. We're here again on this extraordinary case, and I'd like to begin... It's extraordinary. This, I think, is the fourth or the fifth hearing we've had on this case. That's correct, Your Honor. And you have consistently failed, and it seems to me this is just a rehash of the last case. Well, we respectfully disagree with that, Your Honor. This appeal arises from the Judge Ponser's denial of a Rule 60 motion. We have never had an opportunity to raise a Rule 60 motion. But every Rule 60 claim you make is predicated on the fact that you said you should have raised in the last appeal that you didn't. It is true. It's predicated on the explanation. It's true that it's now in the guise of a Rule 60 or in the garb of a Rule 60 motion, but the predicate for it is the very thing that you lost on the last appeal on the ground that you should have raised it during that appeal. I know you contest whether you should have, but how can any of these claims survive? What's the fact that it's a Rule 60? How does that change anything? I don't get it. Well, because I don't think that you can waive a fact, Your Honor. I think that there's no question that the preliminary injunction expired. That would be true as to the jurisdictional argument that you lost on last time, but you lost on it. Well, the argument that we raised was that the district court lacked authority or jurisdiction to issue a contempt order compelling compliance with an expired injunction. That was waived, and you clearly held that in your opinion. In each of your cert petitions, you have raised these same issues which you have lost on before. This is certainly not a 68 claim. What theory are you going on? On 68, Your Honor, is that Judge Ponser's remand contempt order at least appears that he was under the impression that the preliminary injunction was still in effect. It specifically says if any contempt fine could compel compliance with the order... Could you agree with that in the last appeal? I don't think so, Your Honor. Why not? Because the issue of whether it was an error on his part or not, I don't believe in the last appeal any of you would know the answer to that question. I certainly didn't know that answer either. The only ground that we could raise before, because we haven't presented the fact of the expiration of the preliminary injunction to the district court, was that the district court exceeded its power. And that's certainly how I interpreted the panel's decision. I think that's a reasonable interpretation of it. Rule 60A provides relief in the form of correction of a judgment due to clerical copying or computational mistakes. None of those are present here. That isn't your argument. Your argument is that the district court fundamentally misunderstood the status of the preliminary injunction. So let's move on to Rule 60B. 60B-5. No. I'd just like to address something, because I think you're in error, and I'd like to explain that. All right. Go ahead. I think the rest of Rule 60A talks not only about clerical errors, but also inadvertence and overlooking something. And in 1958, the United States Supreme Court, in a case called American Trucking v. Frisco, 358 U.S. 133 at page 145, says, It's axiomatic that courts have the power and duty to correct judgments … which have issued due to inadvertence or mistake. But that's not the argument. It goes on to say that Rule 60A has codified that rule. Okay. That's your justification for 60A. Are you relying on any other portion of Rule 60? Yes, of course. Rule 60B. How? Rule 60B. Well, I think two aspects of Rule 60B apply. First, it talks about expired or vacated underlying judgments. And although the preliminary injunction, it's not expired or … Oh, and by the way, could I reserve, please, two minutes for rebuttal? I'm sorry. No. What's that? No. You should have asked for it at the beginning. I'm sorry. I forgot. In any case, Rule 60B.5, there's two parts. First, it talks about when the underlying order is reversed or vacated. And that's certainly not true here. Except there's no substantive difference between the expiration of a preliminary injunction and the fact that … Okay. So you're asking us to expand the language of the rule. Well, I'm asking you to apply what the spirit and the substantive need of approval is. Could I just clarify something to make sure I understand? Sure. Did the district court address the merits of any of the 60B issues? No. Right. So the district court's ruling was that we don't reach any of the 60B issues because our decision on the waiver tanks it. Correct. Am I understanding you to say that can't be right because there's simply no way you could have filed a Rule 60 motion prior to the time you filed it, which was after the preliminary injunction expired? No. I think we certainly could have filed a Rule 60 motion earlier. If you had filed a Rule 60 motion earlier, how early could you have filed it with respect to the fact that the preliminary injunction expired? Well, I suppose we could have filed it the day after it expired. And why then, I guess, is the question, why then is the district court wrong in saying since you could have filed it earlier than you did, the fact that you lost that last appeal for not having brought to the court's attention the expiration of the preliminary injunction is the perfectly good reason for saying you should have brought this to our attention earlier. You can't go through that whole appeal and then all of a sudden raise it. Just help me with the timeline. I don't think so. I don't think that would be reasonable. And I think if that was the underlying thinking, it would be an abuse of discretion. That argument's not in your brief, though, if I can tell. I think you're right. I don't think that issue really was briefed. But don't you have to have briefed it? That's what I don't understand. There's no argument in your brief as to why you should be able to have a merits-based ruling on the Rule 60 motion, given what we ruled on the jurisdictional point, save for the fact that you say now it's a Rule 60 motion. But there's just no argument as to why that would make a difference. Now you're trying to make an argument, which is where it would be an abuse of discretion to treat the Rule 60 motion the same way we said you should treat it with respect to the jurisdictional issue. But absent any briefing on that point, I don't see what basis we would have to say the district court erred. Well, I interpreted the district court decision, which of course is just two sentences long, as saying in light of the panel's decision holding that the argument regarding the power of the court was waived due to the law of the case doctrine to mean that he did not have authority to even address the Rule 60 motions. And so we think that's an error of law. He doesn't say that, does he? I think he does. He says he doesn't have authority to address the Rule 60 motion? Well, I think he says that the first... He says it's denied. He says it's denied. A perfectly good reason to deny it would be you should have brought this to my attention earlier, just like you should have brought it earlier with respect to your jurisdictional argument. Since the First Circuit said that, I'm saying the same thing. It seems like a perfectly reasonable way to interpret what the district court did. There's no indication that's not what it did. But there's no argument in your brief that if that's what the district court did, we should reverse it. I just don't see what leg you have to stand on. Well, it seems to me that the district court's decision was based on his belief that he didn't even have the power to address... You say that, but there's nothing in his statement that says that, is there? Let me just double check. I'm just looking up the exact words that were used. Defendants have waived this argument. It has been rejected by the First Circuit. It is contrary to the civil rules. It lacks substantive merit. I don't know. It seems to me that that saying... It's not saying that I don't have the power to address the merits. That's the one thing it's definitely not saying. Well, I suppose it's true, because he says it lacks substantive merit, but he doesn't explain why. So then we're allowed to affirm on any ground the record would support. One ground would be you should have raised it earlier, which is the very reason we gave. And there's nothing in your brief addressing that argument, so I don't see how you could get us to reverse it. Let me just say that I think that the circumstances here really doesn't make that reasonable, because there's certainly no question that the defendants have been challenging the... And you've lost every step of the way. And what reason is there now? Your brief is basically a re-cut, re-paste of your original briefs that you filed all the way along. You don't agree with the result. You've gone through every step that you can to try to redress what you consider opinions which are wrong. The Supreme Court should have granted cert. You've been up there, I think, four times. Why isn't this case over? And why didn't you know that this case was over? That's a good question, and the answer is because there is a $70 million contempt fine, and there is an arrest warrant for my client. Yes, because your client, if you go back to the original, what happened originally in this case, your client lost. The claim made was that he looted the company of the money which would have paid the plaintiff for its verdict. And every step of the way, you violated the injunction. You stood up and said your client was going to obey the injunction. They then proceeded to reform the company, sent the assets to Austria. I know you've claimed, well, that doesn't make any difference. They couldn't have collected in Germany either. Every step of the way, you have failed to read these opinions, and you've continued. And why shouldn't you be, at this point, sanctioned for that? Well, I don't think I should be sanctioned, because I think that the arguments are, I think they're valid, frankly, but the answer to your first question as to why we're still here is because we have, we understand that the default judgment is the default judgment. There's no way around that. That's a $75 million default judgment that's going to stand. But the $70 million contempt sanction and the arrest warrant to imprison my client, Dr. Neuberger, that frankly doesn't make any sense, that it continues forever. We have to have a way of resolving that. Yes, you do have a way. Yes. Just undo the merger that was done in violation of the preliminary injunction. But, Your Honor, there is no preliminary injunction that requires us to do that. There was. There was. There was. And you violated it. I'm sorry, your client violated it. Why not try to undo the merger and remove this threat from your client? He apparently has made the choice that he's not going to do that. And another issue is with respect to the fine and the, I mean, say he was arrested and imprisoned, then by what document would he be required to comply with an order that is expired? To me that doesn't really make any sense. And it doesn't make, I think it's contrary to the law of contempt. This is all just, this is why there's a frustration, at least on my part, with the idea that you're rehashing the argument. That was a perfectly reasonable argument in which there was no talk of sanctions with respect to whether there was jurisdiction to continue the contempt order. And the court said the problem with you raising that argument is that you didn't notify anybody of the underlying predicate fact, which could have been notified before we went through the appeal. That is the same problem that arguably stands in the way of the Rule 60 motion as you acknowledge. If you want to make an argument about why that fact shouldn't stand in the way of the Rule 60 motion, you could have made that in this brief, but this brief is devoid of any argument of that kind. There's not a word in here that explains why it would be unreasonable to deny the Rule 60 motion on the ground that you should have apprised the court earlier of the expiration of the preliminary injunction. And given that the Court of Appeals had just told you the failure to notify them of that fact earlier was why you lost on the jurisdictional issue, it's a pretty glaring omission. Well, it perhaps wasn't a main omission on my part, although I think that from the way we interpreted the decision, the legal issue that was waived was not the fact of the expiration of the preliminary injunction, but the issue with respect to the district court's authority or jurisdiction to sanction compliance without expiration. But the ground you gave for why we were denying it was that you hadn't notified us earlier of the argument when you could have given that the expiration had occurred earlier. Well, that's right, except the argument... So the same argument would apply here. Why should we now have a Rule 60 motion at this stage when it could have been waived earlier? Well, for one thing... But with respect, that would be a perfectly good argument if it was in the brief, but it's not in the brief. The arguments that are in the brief just ignore that point entirely. One argument that is at least in the briefing of the motion for sanctions, and I can't recall if it's in the brief, is that the contempt order and the arrest warrant are valid orders today that have continuing effect every single day, and that every single day there is a continued violation of my client's constitutional rights. Correct, because he never did what the orders said he had to do, and that's why this ended up where we are. But that's right, Your Honor, and again, my response to that is going to sound familiar to something that I said in the last appeal, but that doesn't mean that it's the same argument. It just means that there are certain factual elements that are common to different arguments, and so the fact of the expiration of the preliminary injunction is relevant to the 60b-5 provision that we're a... That's not helpful to you, because it's equally true of jurisdiction, which is a continuing thing. Right, and so that's the basic flaw. The jurisdictional problem doesn't stop day one. There's a jurisdictional problem all the way through, and yet you lost on that. We did. Because you hadn't raised the fact that the fact that gives rise to the jurisdictional problem could have been raised earlier. The same thing is true of the 60b-5 provision. We interpreted the decision as preventing us from making the argument that the court lacked jurisdiction, and we haven't made that argument again. And so we're arguing now that the perspective enforcing it is inequitable. Well, as you acknowledge this, you can see how the Rule 60b-5 argument could be denied on the same idea, which is you should have raised that earlier. Well, again, and I apologize for the fact that perhaps we didn't brief this as fully as we should have, except the 60b-5 issue of whether or not this contempt order and arrest warrant have become inequitable in terms of perspective enforcement, that's not an issue that we really could have even raised in the prior appeal. And it seems to me that was a perfectly valid issue to raise with the district court. Okay. Thank you, Counselor. Thank you. Good morning, Your Honors. May it please the Court, William Reynolds. So why do you think we should impose sanctions here? Because, Your Honor, this is an utterly frivolous appeal that rehashes the exact same argument as before. It fits, I cited an extensive case on the sanctions motion, and this Court has imposed sanctions in the past. And this case fits that. Can you speak up, please? Yes, I apologize, Your Honor. Pull that up a little bit further. Thank you, Your Honor. This case fits every single one of them. Multiple meritless appeals. This is Bio-Latex 5. Rehashing prior arguments. As you said, Judge Stahl, this brief, these briefs are cut and pasted from the prior brief. The argument is exactly the same, copying a prior brief that was mentioned in In Race Simply Media by this Court in 2009. Ignoring warnings from the courts, the last opinion by this Court, by this exact same panel and authored by Judge Stahl, said that this argument, at that time, was waived and weeks of an attempt at re-litigation. At that time. And now it's being recycled again. If that isn't a warning, a decision from this Court, saying that the argument weeks of an attempt at re-litigation, to then bring it again, I can't comprehend it. Could you just address the distinction they're trying to draw between the Rule 60 motion and the jurisdictional point? Well, I guess there is no distinction, Your Honor. It's the exact same argument. I put together a table in the brief, where the brief in Biolitech 4 says, and I quote from it, this appeal challenges the contempt sanctions on the ground that the preliminary injunction, the order the sanctions are allegedly designed to coerce compliance with, is no longer in effect. The Rule 60 motion is in the appendix, and I'll quote from that. The contempt sanctions, quote, should be vacated because the order for which they were intended to coerce compliance, the September 2012 preliminary injunction, expired by its own terms. It's the exact same argument. And this Court already held that argument was waived. And by the way, just one point, because of the incredibly convoluted history, just to remind you, I know you know this, but it bears repeating. When they made that argument in Biolitech 4, the reason why you held that it was waived then, was not just because they didn't raise it in Biolitech 2 and 3. They actually took the opposite position in Biolitech 2 and 3. You may recall, you guys had to address their argument at that time, which was after you issued the opinions in Biolitech 2 and 3, a year after the alleged expiration. Can I just ask one thing that puzzles me? Did you vote for sanctions when they filed the Rule 60 motion below? I did not, Your Honor, no. So could you just explain what the difference is? Why is it sanctionable if they appeal that order, but not sanctionable if they move for it? Well, it probably was sanctionable in the District Court, and I should have moved for sanctions. I've been derelict in not moving for sanctions before in this case. I mean, this case has been going on for 10 years when you count back. Literally January 2008 was when we commenced the breach of contract action in New York. And I probably should have moved for sanctions in the District Court. It's not something that either I or my client takes any pleasure whatsoever in doing. But this argument about the facts, about the expiration of the preliminary injunction as a fact, that's a signal to this Court, and to me, a very loud and clear blaring klaxon, that if there are no sanctions imposed now, we're going to be back here again. And the argument is that the injunction expired, and therefore we can spin a, I think you said it, Judge Barron, it's in the garb of a Rule 60 argument this time. It's the same argument. The argument is the injunction expired, the District Court can't maintain the sanctions. Well, the reason why we moved for sanctions is because if there aren't sanctions imposed this time, we're going to be back here again. And we're going to be back here again and again. And actually, the opposition... Maybe the defendant gets new counsel. If the current counsel is sanctioned, Your Honor? Yes. Well, that's possible, but I would suggest that if there is a sanctions order imposed, that that would at least give pause to new counsel as well. I think that it would, you know, it would send a message. I mean, to me, the opinion in bioethnic reform is an incredibly powerful message by this Court, that this argument was inappropriate, it should have been raised before. And to me, it's simply staggering. It's mind-boggling that the defendants and counsel would bring the argument again. And the... One point about... You were asking, Judge Barron, about when could the argument have been raised, and Mr. Griffith answered accurately, my brother answered accurately, it could have been raised the day after the preliminary injunction allegedly expired, which was March 18, 2014. But it wasn't raised then. And in fact, BioLitech IV was raised... That argument was raised for the first time in this Court. And so what happened is... I mean, that's incredibly improper in itself, and that was something that we did brief in BioLitech IV as well. That's incredibly improper. But so what happened is, because it was raised for the first time in this Court, then when this Court decided BioLitech IV, the defendants bring the Rule 60 motion to the District Court at the same time that they're petitioning for cert to the Supreme Court. And they're now... The argument to Judge Ponser was that he should accept an argument that this Court had rejected, that the Supreme Court had denied certiorari on. How is that even possible? And you're right, Judge Barron. I acknowledge, I should have moved for sanctions at that point. I didn't. I think the sanctions are strengthened even more when they originally made the motion, the Rule 60 motion to the District Court. The Supreme Court had not yet denied cert. I think that fact makes it even stronger. But again, just going back to the BioLitech II point, in BioLitech II, the defendants were arguing after the alleged exploration, they were arguing that the injunction was in place. They asked you, they made you, the Court, go through the effort of addressing the argument that the injunction should be vacated on substantive grounds. So, if the Court has no further questions, I guess I would just leave it on the briefs. I think it's fully covered in the briefs. Okay, thank you. Thank you, Your Honors. Your Honor, I know I've waived my rebuttal time, but do you think I could have a moment to... Yes, you may have a moment. You've got one minute. Thank you. Let me just first address the fact that there are some portions of our briefs that are cut and paste, but I don't think that that's an indication that anything is in bad faith or sanctionable. For example, one of the arguments raised in this case, on the part of the plaintiff, was also raised before, and that was that the contempt order somehow constitutes a self-enforcing injunction. It's clearly wrong, and all of the arguments that we raised before were responsive to that also. So we did use some cut and paste, but the essential difference in the arguments that you recognized was that we believed that the Rule 60 standards was a substantively different legal issue than what was waived. I understand that you disagree with that, but we think that our interpretation of the order, the remand contempt order affirmance, was reasonable in that regard, and that the arguments we made based on Rule 60 were reasonable. Thank you, Counsel. Thank you very much.